

fornia cases relating to stock transfer and minute books, and holding that the secretary is the proper custodian of these records, and hence the proper party to be addressed in an action to compel inspection thereof by stockholders or surrender thereof to his successor. Such cases do not govern the instant case.

■ Appellant has filed a supplemental specification of grounds of appeal, and claims that the scope of the investigation with which the trial court's order directs him to comply amounts to an unreasonable search and seizure under the Fourth Amendment to the United States Constitution. We think otherwise. The request to inspect goes only to records required by law to be kept by the corporation and are reasonable as relevant to the inquiry as to whether the war-time price laws are being obeyed. Appellant cites Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652, but we think the opinion in principle supports the order made by the trial court.

Affirmed.

Ray Thompson, in pro. per., for appellant.

No appearance for respondent.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

PER CURIAM.

This petition for a "writ of certiorari" should be denied for several reasons:

■ 1. We assume that the petitioner means to bring a proceeding in habeas corpus, since certiorari would have no application in a case of this kind. The petition, however, is addressed to this court, which does not issue a writ of habeas corpus except in aid of its appellate jurisdiction. The petition for leave to proceed in forma pauperis, on the other hand, is addressed to the "Chief Justice and Justices" of this court.

■ The petitioner was unsuccessful in his effort to get habeas corpus in the state court and in the court below, but he did not appeal. The district court declined to let him proceed in forma pauperis, and the petitioner's efforts to get habeas corpus from that court ended at that point.

■ 2. The petitioner has not exhausted his state remedies. He has not tried coram nobis. He erroneously asserts that such writ is not open to him because "the errors set forth were known to the court at time judgment and sentence was [sic] pronounced." This is not correct. The peti-

**THOMPSON v. SMITH, Superintendent of State Penitentiary.**

Circuit Court of Appeals, Ninth Circuit.

May 16, 1947.

tioner pleaded guilty in the state court, and none of the points he now urges were raised, and therefore none were adjudicated.

The petition is denied.

## UNITED STATES ex rel. BAUER v. CLARK, Atty. Gen., et al.
### No. 233, 20560.

Circuit Court of Appeals, Second Circuit.

May 6, 1947.

Louis T. Stone, Jr., of Bronxville, N. Y., for appellant.

John Ford Baecher, of Washington, D. C., for appellees.

Before L. HAND, SWAN and CLARK, Circuit Judges.

PER CURIAM.

We find it unnecessary to decide more than the effect of the declaratory judgment entered in the action of Bauer v. Clark in the District Court for the Southern District of Indiana, which the Seventh Circuit has now affirmed.[1] The statute [2] gives any one who "claims a right or privilege as a national of the United States," and who "is denied such right or privilege * * * upon the ground that he is not a national," the right to file an action for a judgment "declaring him to be a national." The relator does not, and could not, challenge the jurisdiction of the court under that section; or that the purpose of the action was to declare him to be "a national of the United States." His position is that Judge Lindley did not declare that he had forfeited his citizenship, because he made no finding on the issue, but merely dismissed the complaint "for want of equity." Quite aside from the precise words which the judge chose, it is impossible to see what else than the issue of citizenship he supposed that he was deciding by those words, unless it were that the relator had been guilty of conduct which forbade any consideration of the issue upon its merits. There was nothing in the evidence to support such a disposition of the action, and therefore, even if he had nothing else on which to go, we should be obliged to understand the language as a finding upon the issue. However, we are not left to surmise, for the passage from the opinion which we quote in the margin [3] leaves no doubt as to

---

[1] Bauer v. Clark, 161 F.2d 397.

[2] Section 903 of Title 8 U.S.C.A.

[3] "I don't think it was possible for a man to enter the intelligence unit of the German army without taking an oath of allegiance to the Hitler government. This man entered a branch of the service confidential in the extreme, dealing with the most confidential matters that the German Army was concerned with, the intelligence ' unit, and, eventually, the counter-intelligence unit, and to think in face of the regulation that requires an oath, to think that in face of the practice of the German army requiring inductees to take an oath, to think in the face of those facts that he was received into such a confidential service without an oath is preposterous. Thereby he lost his citizenship. Then by a second step he lost it. That was when he took an oath of allegiance to a foreign state.